**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BRYAN CHANEY**                                                                    **PLAINTIFF**

**v.**                                        **No. 4:23-cv-378-JM**

**THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF ARKANSAS**                                        **DEFENDANT**

<u>**ORDER**</u>

Plaintiff Bryan Chaney ("Chaney") a former officer in the University of Arkansas for Medical Sciences Police Department ("UAMS PD") alleges that his termination was based on race (Caucasian) in violation of Title VII of the Civil Rights Act of 1964, § 42 U.S.C. 2000e et seq., ("Title VII") and the Arkansas Civil Rights Act, Ark. Coe Ann. §16-123-101 et seq.[1] ("ACRA"). Defendant seeks summary judgment. For the reasons set forth herein, the motion is GRANTED. (Docket # 7).

Chaney began his employment at UAMS in June 2010 as an officer with the UAMS PD. He worked for the UAMS PD until January 3, 2011, when he left to take another job. Chaney returned to the UAMS PD in October 2019. He was promoted to Sergeant in June 2021 and Lieutenant in September 2021. In September 2021, UAMS PD Chief Robert Barrentine advised Chaney that "he should not engage in a pursuit outside of UAMS jurisdiction unless the reason for the pursuit involved a violent felony."

On May 7, 2022, a few minutes after midnight, Chaney was involved in a car accident in his UAMS police vehicle at the intersection of Markham and Valentine in Little Rock. Chaney

---

[1] The Court notes at the outset that the Board of Trustees is immune from suit under the ACRA. See *Buckley v. Univ. of Arkansas Bd. of Trustees*, 780 F. Supp. 2d 827 (E.D. Ark. 2011).

reported to UAMS dispatch, the UAMS PD and the Little Rock Police Department that he had been driving toward the car wash and a car ran him off the road and he hit a pole. At the scene of the accident, LRPD Officer Trenton Mellinger discussed concerns with Captain Berthia that the scene did not match up with Chaney's version of events because of the damage and lack of skid marks. On May 9, 2022, Captain Berthia and Chief Barrentine began to investigate the accident. During the course of the investigation, Chaney continued to claim that he was run off the road by another vehicle.

Following the investigation, Chief Barrentine determined that Chaney had been patrolling in the area of the UAMS dorms after which he turned westbound on Markham. While traveling on Markham, cars traveling at a high rate of speed passed Chaney and he activated his blue lights and followed the vehicles. Further evidence indicated that Chaney was traveling at 97 mph just five seconds before the crash. On May 11, 2022, Chaney was placed on administrative leave pending the outcome of the investigation. In his statement, provided May 11, 2022, Chaney admitted that he had been in pursuit of the vehicles.

At the completion of the investigation, Chief Barrentine concluded that Chaney had engaged in a police pursuit in which he failed to follow UAMS PD policy, failed to notify UAMS PD Dispatch, and then lied to at least five officers from two police departments during the investigation of the crash. Chief Barrentine determined that Chaney committed eight violations of UAMS PD policy and one violation of state law. Chaney was terminated on May 31, 2022.

In his response to the pending motion, Chaney claims that he gave false statements regarding the accident because he was in a state of shock, had suffered head trauma and was

under the influence of medication when questioned.  Further, Chaney claims a non-Caucasian

employee had an accident and was also untruthful about the accident yet was not terminated.

<u>Standard of Review</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*,"[to] point out to the District Court," that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue.  If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted) (brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir.2011) (en banc).

Discussion

Title VII prohibits an employer from discriminating against any individual "because of such individual's race." 42 U.S.C. § 2000e–2(a)(1).  A plaintiff may defeat summary judgment by either offering direct evidence or creating an inference of unlawful discrimination. *Torgerson,* 643 F.3d at 1044, *applying McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  Chaney has not identified any direct evidence of discrimination. Accordingly, the Court will consider the case under the burden shifting framework established by *McDonnell Douglas,*   Under *McDonnell Douglas,* Chaney must first establish a *prima facie* case of discrimination. *McDonnell Douglas,* 411 U.S. at 802. If he does, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. *See Davis v. Jefferson Hosp. Ass'n,* 685 F.3d 675, 681 (8th Cir.2012). If the employer meets this burden, the "presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination." *Id.*

A *prima facie* case of  race discrimination requires that the plaintiff  prove "(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination." *Id.* In a reverse-racism case, the plaintiff must also show that

"background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Hammer v. Ashcroft,* 383 F.3d 722, 724 (8th Cir.2004).

The Court finds that Chaney has not presented a *prima facie* case of race discrimination because he cannot demonstrate that he was meeting the legitimate expectation of his employer or that he was terminated under circumstances permitting an inference of discrimination.   Further, even if Chaney could be found to have presented a *prima facie* case he cannot establish that the Defendant's articulated reason for his termination was pretext for unlawful discrimination.

Defendant contends that Chaney was terminated for multiple serious policy violations when he pursued vehicles at excessively high rates of speed.  It is undisputed that Chaney was involved in the pursuit and committed multiple policy violations along with a violation of state law.  Chaney only challenges the Defendant's "untruthful" basis for his termination claiming that he was untruthful about the vehicle pursuit due to his injuries and medication. Chaney argues that Sergeant Fred Alston, a minority employee, had an accident and was untruthful during the investigation of the accident but was not terminated.  Chaney does not dispute however, that Alston admitted his fault in the accident nor does he dispute that there is no note in the Alston accident file accusing him of being untruthful.  Chaney offers no evidence to prove that Alston was untruthful during the investigation of his accident.  Further, Alston is not a similarly situated comparator based on the multiple offenses committed by Chaney.  Chaney fails to point to another UAMS officer of a minority race who committed an equal number of policy violations and was not terminated.  Finally, Chaney has offered no evidence to support his position that the Defendant is the unusual employer that discriminates against the majority.

For these reasons, Defendant's motion for summary judgment (Doc. No.7) is GRANTED.  A separate judgment will be entered dismissing the complaint with prejudice.

IT IS SO ORDERED 24th day of January, 2025.


James M. Moody Jr.
United States District Judge